IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

RAYMOND GILYARD
   *Petitioner*,

v.

UNITED STATES OF AMERICA,
   *Respondent*.

Criminal No.: ELH-14-0386
Related Civil No.: ELH-18-1485

## MEMORANDUM

Raymond Gilyard, the self-represented Petitioner, was charged in a one-count Indictment on August 20, 2014, with the offense of possession of a firearm by a prohibited person, in violation of 18 U.S.C. § 922(g)(1). ECF 1. Pursuant to a Plea Agreement (ECF 45), Gilyard entered a plea of guilty on August 13, 2015, before Judge William D. Quarles, Jr., to whom the case was then assigned. ECF 44.[1] The plea was entered under Fed. R. Crim. P. 11(c)(1)(C), by which the parties agreed to a sentence of imprisonment ranging between 71 and 84 months. *See* ECF 45, ¶ 9.

In the Plea Agreement, the parties stipulated that defendant committed the underlying offense subsequent to two felony convictions for either a crime of violence or a controlled substance offense. ECF 45, ¶ 6(b). Therefore, he had a base offense level of 24, before deductions. However, the parties disputed whether defendant was subject to a two-level enhancement under U.S.S.G. § 2K2.1(b)(4), on the basis that the firearm was stolen.

Sentencing was held on October 13, 2015. In accordance with the Plea Agreement, Judge Quarles imposed a sentence of 78 months' imprisonment. ECF 53. The judgment was entered on October 21, 2015. ECF 55. The Statement of Reasons reflected a final offense level

---

[1] The case was reassigned to me on May 23, 2018, due to the retirement of Judge Quarles. *See* Docket.

of 23. ECF 56. Judge Quarles found that the advisory sentencing guidelines called for a period of incarceration ranging between 70 and 87 months. *Id.* at 1. Gilyard did not note an appeal.

On May 7, 2018, Gilyard filed a motion to vacate his sentence, pursuant to 28 U.S.C. § 2255. ECF 58 (the "Petition"). He argues that the District Court erred in calculating his advisory sentencing guideline range because, in doing so, it relied on a prior Maryland conviction for the offense of attempted robbery with a deadly weapon. Gilyard claims that the Court erroneously found that the attempted robbery constituted a crime of violence. However, there is no indication that Judge Quarles found defendant to be a Career Offender.

The government opposes the Petition. ECF 65. It argues that the Petition is untimely.[2]

In resolving the Petition, I am mindful that a self-represented litigant is generally "held to a 'less stringent standard[ ]' than is a lawyer, and the Court must liberally construe his claims, no matter how 'inartfully' pled." *Morrison v. United States*, RDB-12-3607, 2014 WL 979201, at *2 (D. Md. Mar. 12, 2014) (internal citations omitted); *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (stating that claims of self-represented litigants are held "to less stringent standards than formal pleadings drafted by lawyers"); *Bala v. Commonwealth of Va. Dep't of Conservation & Recreation*, 532 F. App'x 332, 334 (4th Cir. 2013) (per curiam) (same).

Under 28 U.S.C. § 2255(b), a hearing is required "[u]nless the motion and the files and the records of the case conclusively show that the prisoner is entitled to no relief . . . ." *See United States v. LeMaster*, 403 F.3d 216, 220-23 (4th Cir. 2005). This is such a case; no hearing is necessary.

For the reasons that follow, I shall deny the Petition.

---

[2] The government did not move to dismiss on this basis.

## I. Discussion

Pursuant to 28 U.S.C. § 2255(a), a prisoner in federal custody may "move the court which imposed the sentence to vacate, set aside or correct the sentence," but only on certain grounds: "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack. . . ." *See also United States v. Newbold*, 791 F.3d 455, 459 (4th Cir. 2015).

Collateral attack is not a substitute for direct appeal; failure to raise certain issues on direct appeal may render them procedurally defaulted on post-conviction review. *United States v. Frady*, 456 U.S. 152, 165 (1982); *accord Bousely v. United States*, 523 U.S. 614, 630 (1998). As a general rule, a petitioner who fails to raise a claim on direct appeal is barred from raising the claim on collateral review. *Sanchez–Llamas v. Oregon*, 548 U.S. 331, 350–51 (2006). However, this bar generally does not apply to claims pertaining to ineffective assistance of counsel. *See, e.g.*, *Massaro v. United States*, 538 U.S. 500, 503–04 (2003).

The government claims that the Petition was untimely filed, and is barred by the one-year period of limitations applicable under 28 U.S.C. § 2255(f). That limitations period runs from the latest of: (1) the date on which the conviction became final; (2) the date on which an "impediment to making a motion created by government action" is removed, if the movant was prevented from making his motion by government action that was in violation of the Constitution or law; (3) the date on which the right asserted was recognized by the Supreme Court, if that newly-recognized right has been made retroactive to cases on collateral review; or (4) the date on

which the facts supporting the claims could have become known through the exercise of due diligence. *Id.*

As indicated, the Judgment was entered on October 21, 2015. *See* ECF 55. Under Fed. R. App. P. 4(b)(1)(A), a notice of appeal must be filed within fourteen days of entry of the Judgment. Petitioner did not note an appeal. Accordingly, petitioner's conviction became final on November 4, 2015. In other words, his conviction became final after the expiration of the time for filing an appeal. *See United States v. Wilson*, 256 F.3d 217, 221 (4th Cir. 2001).

It follows that, pursuant to § 2255(f)(1), petitioner was required to file any motion to vacate on or before November 4, 2016. However, the Petition was not filed until May 7, 2018, more than a year after the limitations period expired.

Petitioner has offered no explanation for the delay in his filing. He does not claim an impediment created by government action that interfered with the timely filing of his Petition. Nor has the petitioner identified a right newly recognized by the Supreme Court and made retroactive to his case on collateral review. Nor are there newly discovered facts that support his Petition. Accordingly, the Petition is subject to dismissal, unless the doctrine of equitable tolling applies. However, Gilyard has not alleged any justification for equitable tolling.

Equitable tolling is available in "those 'rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation against the party and gross injustice would result.'" *Whiteside v. United States,* 775 F.3d 180, 184 (4th Cir. 2014) (en banc) (applying equitable tolling to one-year limitation period in 28 U.S.C. § 2255) (quoting *Rouse v. Lee,* 339 F.3d 238, 246 (4th Cir. 2003) (en banc)) (additional citations omitted); *see Hill v. Braxton,* 277 F.3d 701, 704 (4th Cir. 2001); *Harris v. Hutchinson,* 209 F.3d 325, 330 (4th Cir. 2000). For equitable tolling to apply, an otherwise time-barred petitioner must

4

demonstrate "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing.'" *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). A petitioner need show only "reasonable diligence"; there is no requirement for "maximum feasible diligence." *Holland,* 560 U.S. at 653 (citation omitted).

There is no indication of any circumstance that prevented Petitioner from timely filing his Petition. Indeed, the facts underlying Petitioner's contention were known to him as of the day of his sentencing.

## II. Certificate of Appealability

Pursuant to Rule 11(a) of the Rules Governing Proceedings under 28 U.S.C. § 2255, the court is required to issue or deny a certificate of appealability ("COA") when it enters a final order adverse to the applicant. A COA is a "jurisdictional prerequisite" to an appeal from the court's earlier order. *United States v. Hadden*, 475 F.3d 652, 659 (4th Cir. 2007). In other words, unless a COA is issued, a petitioner may not appeal the court's decision in a § 2255 proceeding. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b).[3]

A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see Buck v. Davis*, ___ U.S. ___ 137 S. Ct. 759, 773 (2017). Where the court denies a petitioner's motion on its merits, a petitioner satisfies this standard by demonstrating that reasonable jurists would find the court's assessment of the constitutional claims debatable or wrong. *See Tennard v. Dretke*, 542 U.S. 274, 282 (2004); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003).

---

[3] The denial of a COA by the district court does not preclude Petitioner from seeking a COA from the appellate court.

As indicated, a COA may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Because Petitioner has not made a substantial showing of the denial of his constitutional rights, I decline to issue a COA.

An Order follows, consistent with this Memorandum.


Date: November 14, 2018         /s/
                                      Ellen Lipton Hollander
                                      United States District Judge